IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 08-149-GF-SEH |
| | ) | CV 11-036-GF-SEH |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION AND |
| | ) | DENYING CERTIFICATE OF |
| JAMIE DAWN ST. DENNIS, | ) | APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |

On May 18, 2011, Defendant/Movant Jamie Dawn St. Dennis moved to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. St. Dennis is a federal prisoner proceeding pro se.

With one exception, the motion contains no factual allegations relevant to St. Dennis's case. The exception is St. Dennis's allegation that she "reasonably demonstrated" an interest in appealing and was told by counsel that she "could not" appeal. Mot. § 2255 (doc. 51) at 10; see also id. at 21. St. Dennis was ordered to "specifically state what she said to counsel and what counsel said to her on the topic." Order (doc. 56) at 2.

1

St. Dennis responded that she spoke with her attorney by telephone two days after sentencing. Counsel told her, "You have absolutely nothing to appeal," she had received "the best deal I was going to get," and "my case did not warrant an appeal and it could hurt me more than help me." Resp. to Order (doc. 57) at 1.

St. Dennis was charged with three drug crimes, two of which subjected her to a mandatory minimum term of ten years in prison. Indictment (doc. 1) at 2-3; 21 U.S.C. § 841(a)(1)(A)(viii).

On February 2, 2009, the United States filed notice that St. Dennis had previously been twice convicted of felony drug offenses in the State of Washington. Information (doc. 16); 21 U.S.C. §§ 802(44), 851. Once the Information was filed, conviction on either Count 1 or Count 2 of the Indictment would result in "a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A).

On March 26, 2009, the parties filed a fully executed plea agreement. St. Dennis agreed to plead guilty to Count 3 of the Indictment in exchange for the United States' dismissal of Counts 1 and 2. Plea Agreement (doc. 31) at 2-3 ¶¶ 4-5. As a result, St. Dennis's sentencing exposure dropped from a mandatory life term to a mandatory minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(B), (viii). On July 20, 2009, St. Dennis was sentenced to ten years, the lowest possible sentence. Minutes (doc. 46); Judgment (doc. 47) at 2.

While St. Dennis did not waive her right to appeal the sentence, her attorney was perfectly correct that she had nothing to appeal. She was caught red-handed with 41.2 grams of a substance containing methamphetamine, which included 13.3 grams of pure methamphetamine. Offer of Proof (doc. 34) at 2-3. St. Dennis did nothing to earn a lesser sentence. 18 U.S.C. § 3553(e), (f). There was no avoiding the statutory mandatory minimum. Counsel must file a notice of appeal if the client instructs her to do so, United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005), but that is not what happened here, Resp. to Order at 1.

The facts St. Dennis alleges do not support her assertion that counsel deprived her of her right to appeal. Her other allegations are no more than "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (requiring more than) (internal quotation marks and brackets omitted). The § 2255 motion is denied in its entirety.

The motion does not make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists could find no warrant for further proceedings in this case. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate of appealability is denied.

**ORDERED**:

1. St. Dennis's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 51) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if St. Dennis files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-36-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against St. Dennis.

DATED this 23rd day of November, 2011.

Sam E. Haddon
United States District Court